```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Maticia Smith,

       Petitioner,

    v.                                        Case No. 2:06-cv-17
                                                Crim. No. 2:02-cr-35(2)

United States of America,

       Respondent.

<u>ORDER</u>

    This matter is before the court on the government's objection to the report and recommendation of the magistrate judge filed in the above case on November 6, 2007.  The record indicates that on January 24, 2003, petitioner was sentenced to a term of eighty-seven months incarceration following her conviction by a jury for maintaining a place for storing, distributing and using crack cocain in violation of 21 U.S.C. §856(a)(2).  Petitioner pursued a direct appeal to the Sixth Circuit Court of Appeals, and on June 15, 2004, that court affirmed petitioner's conviction and sentence. No further direct appeal was filed in petitioner's case.

    On January 11, 2006, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.  Petitioner claimed: (1) that this court imposed a sentence based on judge-found facts pursuant to the then-mandatory United States Sentencing Guidelines, resulting in a sentence which was sixty months longer than that authorized by the jury's verdict in violation of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); (2) that appellate counsel was ineffective in failing to meet the deadline for oral argument; and (3) that appellate counsel was ineffective due to his failure to take steps to keep petitioner's appeal open after the decision in

Blakely and while the decision in United States v. Booker, 543 U.S. 220 (2005) was pending to preserve her arguments under those cases. On December 15, 2006, petitioner's second claim was dismissed, and an evidentiary hearing was held on her first and third claims.

In the report and recommendation, the magistrate judge discussed the evidence presented at the hearing, and concluded that petitioner's counsel was ineffective in failing to preserve petitioner's rights under Booker. The magistrate judge noted that petitioner's appellate counsel failed to file a petition for rehearing, for en banc review, or for a writ of certiorari even though petitioner requested further action in her case in light of the decision in Blakely, which was issued nine days after the Sixth Circuit dismissed petitioner's appeal. The magistrate judge recommended that petitioner's third claim be granted, that petitioner's sentence be vacated, that she be resentenced in accordance with Booker, and that petitioner's first claim be dismissed as moot in light of her resentencing.

The parties do not object to the recommendation that petitioner be resentenced. The issue raised by the government relates to the scope of the sentencing hearing. The government objects to language beginning at page 20 of the report and recommendation to that extent that this language could be interpreted as suggesting that petitioner can relitigate issues relating to the calculation of her sentencing range under the Sentencing Guidelines. The relevant language states:

> The sole issue on appeal in this case was one regarding whether the District Court properly determined that petitioner had more involvement in the offense than allowing use of the premises under §2D1.8 of the United States Sentencing Guidelines. *See Petitioner's Exhibit*

2

> *5.* Further, the petitioner's recommended sentence was enhanced based upon the presence of firearms in the offense, *PreSentence Investigation Report*, at ¶23, and her base offense level was determined, in part, based upon a finding as to the amount of narcotics attributed to her.

Report and Recommendation, pp. 20-21. However, this discussion was in the context of distinguishing the instant case from United States v. Burgess, 142 Fed.App'x 232 (6th Cir. June 22, 2005). The Sixth Circuit concluded in Burgess that counsel was not ineffective for failing to challenge the then mandatory guideline sentencing range because the defendant's sentence in Burgess was not based on any enhancements not found by a jury. The above-quoted language essentially points out that, unlike Burgess, petitioner's case involved guideline sentencing enhancements based on judicial fact-finding. In other words, the sentencing in Burgess did not violate Blakely, whereas the sentencing in this case did. The report and recommendation contains no express language suggesting that petitioner should be permitted at the resentencing hearing to raise objections to the previously calculated guideline sentencing range. Nonetheless, the court will adopt the report and recommendation with the following clarification.

In resentencing petitioner, the court will apply the statutory sentencing factors contained in §3553(a), including the sentencing range suggested under the advisory Sentencing Guidelines. However, petitioner will not be permitted to relitigate her previous objections to the sentencing guideline calculations or to raise new objections to those calculations.

At the original sentencing hearing, petitioner objected to the probation officer's use of U.S.S.G. §2D1.1(a)(1) in figuring

3

petitioner's guideline range, rather than U.S.S.G. §2D1.8(a)(2), which applies if the defendant had no participation in the underlying controlled substance offense other than allowing use of the premises. Under Application Note 1 to §2D1.8,

> subsection (a)(2) would not apply to a defendant who possessed a dangerous weapon in connection with the offense, a defendant who guarded the cache of controlled substances, a defendant who arranged for the use of the premises for the purpose of facilitating a drug transaction, a defendant who allowed the use of more than one premises, a defendant who made telephone calls to facilitate the underlying controlled substance offense, or a defendant who otherwise assisted in the commission of the underlying controlled substance offense.

U.S.S.G. §2D1.8, Application Note 1. Petitioner raised this issue on direct appeal, and the Sixth Circuit held that this court "properly determined Smith's sentence." United States v. Smith, 102 Fed.App'x 911, 913 (6th Cir. June 15, 2004). The Sixth Circuit noted that the government presented evidence that petitioner was aware of her co-defendant's drug activities, including evidence that the bathroom in the master bedroom which petitioner shared with her co-defendant was converted to a crack cocaine laboratory, that three loaded weapons and $31,000 in cash were found under the mattress in the master bedroom. Id. The Sixth Circuit also noted that petitioner engaged in conduct designed to facilitate her co-defendant's drug activities, including purchasing cars used to transport drugs and depositing cash into her checking account to conceal and redistribute drug proceeds. Id. The Sixth Circuit held that "the district court properly concluded that Smith did more than merely permit her residence to be used by Walker for drug trafficking offenses." Id.

The Sixth Circuit's holding that petitioner's sentence was

4

properly calculated under §2D1.1 is the law of the case, and petitioner cannot relitigate that issue on resentencing. See United States v. Howse, 478 F.3d 729, 734 (6th Cir. 2007)(noting that on remand after Booker, the sentencing guideline calculations affirmed on appeal were to be treated as the law of the case); United States v. Haynes, 468 F.3d 422, 426 (6th Cir. 2006)(determinations by the court of appeals became the law of the case and binding on the district court).

As to the other aspects of the guideline calculations in this case, this court notes that at the previous sentencing hearing, petitioner did not object to the quantity of drugs used to calculate the guideline range or to the application of the two-level firearm enhancement under §2D1.1(b)(1). A defendant must raise objections to the guideline range before the trial court at the time of sentencing. United States v. Ukomadu, 236 F.3d 333, 340 (6th Cir. 2001). Although petitioner did object to the fact that the probation officer awarded a three-level reduction for minor role in the offense rather than a four-level reduction for minimal role, this issue was not raised by petitioner in her direct appeal. See United States v. McKinley, 227 F.3d 716, 718 (6th Cir. 2000)(defendant cannot re-assert issues he should have raised during an earlier appeal). In addition, a minimal role is indicated by "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. §3B1.2, Application Note 4. The Sixth Circuit held in petitioner's direct appeal that petitioner was sufficiently involved in her co-defendant's drug activities to warrant the application of §2D1.1. This holding is inconsistent with the lack

of knowledge or understanding required for a minimal role reduction, and this court sees no basis for relitigating this issue.

In addition, re-opening the sentencing guideline calculations to attack would be beyond the scope of the claims in petitioner's motion to vacate, as well as beyond the scope of the relief necessary to address the injury alleged in those claims. Petitioner claimed in her motion to vacate that the application of guideline enhancements above the base offense level violated her Sixth Amendment rights under Blakely, and that her appellate counsel was ineffective in failing to keep her appeal alive while Booker was pending. She asserted no claim concerning the sufficiency of the factual basis for the guideline score adopted by this court at the original sentencing hearing, but argued simply that, under Blakely, any enhancements should have been submitted to and found by the jury. Resentencing in accordance with Booker is the only relief necessary to remedy both the Blakely Sixth Amendment violation and appellate counsel's ineffectiveness in failing to pursue further appeals while Booker was pending.

Petitioner relies on Nichols v. United States, 501 F.3d 542 (6th Cir. 2007). In Nichols, the petitioner argued that his attorney was ineffective for failing to argue that the enhancements to his then-mandatory guideline range violated the Sixth Amendment, as suggested by the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Sixth Circuit held that because Apprendi cast considerable doubt on the constitutionality of the Sentencing Guidelines, counsel was ineffective for failing to preserve a Sixth Amendment challenge in the district court and on appeal, and by

failing to file a petition for writ of certiorari to take advantage of the pending decision in Booker. Nichols, 501 F.3d at 547-48. The report and recommendation in this case follows the holding in Nichols. The Sixth Circuit in Nichols vacated the petitioner's sentence and remanded the case for resentencing in light of Booker. However, that court did not address the issue of whether the petitioner should be permitted on resentencing to relitigate or raise new issues concerning the factual basis for the guideline enhancements previously applied.

This court concludes that a resentencing hearing applying the statutory sentencing factors in §3553(a) and treating the Sentencing Guidelines as advisory only is sufficient to afford the relief requested by petitioner in her motion to vacate, and that, for the reasons discussed above, it would be inappropriate to permit petitioner to relitigate old objections or advance new objections to the previous guideline calculations. With this caveat, the court adopts the report and recommendation (Doc. No. 134) of the magistrate judge. Claim three of petitioner's motion to vacate sentence (Doc. No. 93) is granted, and claim one is dismissed as moot. Petitioner will be resentenced on December 7, 2007, at 1:30 p.m.

Date: November 28, 2007            s\James L. Graham
                                   James L. Graham
                                   United States District Judge